IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

SUMMIT PROPERTIES, an Oregon corporation,

                Plaintiffs,               CV 03-748-HA (LEAD)
                                        CV 03-6394-HA

      v.                                ORDER

NEW TECHNOLOGY ELECTRICAL
CONTRACTORS, INC., a Delaware
corporation, and INTEGRATED ELECTRICAL
SERVICES, a Delaware corporation,

                Defendants/Third-Party Plaintiffs,

      v.

MILESTONE INVESTMENT CO., LLC,
WILLIAM A. COLEMAN, and CD CROUSER,

                Third-Party Defendants.

HAGGERTY, Chief Judge:

1   - ORDER

Before the court are two motions for fees and costs: plaintiff Summit Properties' Petition for Fees and Costs (Doc. #195) (plaintiff or Summit); and third-party defendants Milestone Investment Co. (Milestone), William Coleman (Coleman), and CD Crouser's (Crouser) Motion for Attorney Fees, Expenses and Costs (Doc. #200) (collectively third-party defendants). Defendants New Technology Electrical and Integrated Electrical Services (collectively defendants or New Tech) filed objections to third-party defendants' motion, but no objections were filed by any party to plaintiff's motion.

## RELEVANT FACTUAL BACKGROUND

The facts of this case are well-known to the parties and need not be repeated here. The court references the factual history only insofar as it relates to the pending motions.

Defendants initiated this lawsuit by filing a Complaint against plaintiff in the Southern District of Texas. Around the same time, defendants also initiated a lawsuit against third-party defendants, which was later removed to the same district court and consolidated with the suit against plaintiff. The case was dismissed for lack of personal jurisdiction.

In June 2003, Summit filed a Complaint against defendant in this court seeking declaratory judgment that the lease that was the subject of the dispute was binding upon and had been breached by defendants. Defendants counterclaimed against plaintiff and also initiated claims against third-party defendants. Plaintiff later prevailed on a motion for partial summary judgment. Third-party defendants also prevailed on a motion for summary judgment against defendants and a dismissal of all claims against them.

The case proceeded to trial, and on June 3, 2005, a jury returned a verdict in plaintiff's favor in the amount of $1,736,902. There is no dispute that plaintiff is the prevailing party against

defendant and entitled to its fair share of fees and costs. There is also no dispute that the contract at issue in this case (the Lease Agreement) provides:

> In the event a suit, action, arbitration, or other proceeding of any nature whatsoever, including without limitation any proceeding under the U.S. Bankruptcy Code, is instituted, the prevailing or non-defaulting party shall be entitled to recover from the losing or defaulting party its attorneys', paralegals', accountants', and other experts' fees and all other fees, costs, and expenses actually incurred and reasonably necessary in connection therewith.

Lease Agreement, Summit Properties' Petition for Fees and Costs, Ex. 1 at 13.

However, insofar as third-party defendants are concerned, defendants argue that they are not entitled to fees under the contract because they were not parties to the contract. Although Coleman and Crouser signed the Lease Agreement, they did so on behalf of Milestone and New Tech, respectively. Neither Coleman nor Crouser were direct beneficiaries of the lease, nor were they obligated under the lease. The court agrees with defendants' position and addresses third-party defendants' motion below.

## STANDARDS

Federal Rule of Civil Procedure 54(d)(2) provides that in a petition for attorney fees and costs, the prevailing party must specify the judgment, the statute, or other grounds entitling it to relief and state the amount or fair estimate of the amount sought. Although Rule 54(d) provides the mechanism for filing a petition for fees and costs in federal court, when an action is based upon diversity, state law governs whether to allow the fees and costs, and to what extent. *In re Larry's Apartment, LLC*, 249 F.3d 832, 838 (9th Cir. 2001) (citations omitted). Under Oregon law, attorney fees are recoverable by the prevailing party where there exists a contract providing that the prevailing party or its functional equivalent is entitled to such fees. *See* O.R.S. 20.096(1) ("In any action or suit in which a claim is based on a contract, where such contract specifically provides that attorney fees

3    - ORDER

and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim, whether that party is the party specified in the contract or not, shall be entitled to reasonable attorney fees in addition to costs and disbursements."). A fee award under this section is mandatory and not discretionary. *Stark Street Props. v. Tuefel*, 562 P.2d 531, 539 (Or. 1977).

Oregon courts have established an eight-factor test to determine whether, and to what extent, to award fees and costs to the prevailing party. *McCarthy v. Oregon Freeze Dry, Inc.*, 957 P.2d 1200, 1205 (Or. 1998). The factors are as follows: (1) the time and labor required, the novelty and difficulty of the questions involved, and the requisite skill needed to perform the legal services; (2) the likelihood that acceptance of the case would preclude the attorney from taking other cases; (3) the customary fee; (4) the amount involved and the results obtained; (5) any time limitations; (6) the nature and length of the attorney's professional relationship with the client; (7) the attorney's experience, reputation, and ability; and (8) whether the fee is fixed or contingent. O.R.S. 20.075(2).

## ANALYSIS

### Plaintiff's Motion for Attorney Fees and Costs

In its motion, plaintiff seeks a total award of $399,602.19. However, due in large part to miscalculations on plaintiff's part, the court finds that the appropriate award is $385,667.08.

#### Time, Skill, and Labor Required and Customary Fee

Plaintiff argues that the total amount of time spent by Stoel Rives' staff since the filing of the first lawsuit in Texas more than two years ago is well over 1,000 hours. Given the complexity of this case and the extensive motions practice, the court finds that this number accurately reflects the time and labor required to see this case to completion.

Four attorneys and one paralegal from Stoel Rives worked on this case. In assessing the reasonableness of the rates charged for their services, the court is guided by customary fees charged by other attorneys and paralegals in the relevant area; in this case, Portland, Oregon and Houston, Texas. The most recent Oregon State Bar Economic Survey indicates that the hourly rates in 2001 for corporate commercial litigators in Portland averaged $222 per hour. *See* Oregon State Bar 2002 Economic Survey, *available at:* http://www.osbar.org/_docs/econsurv02/ecosurvey02_w.pdf. In actuality, because this is an average, this number fluctuates according to level of experience, reputation, and expertise. A Portland corporate commercial litigator billing $265 per hour in 2001 was in the 75th percentile, and a Portland corporate commercial litigator with a billing rate of $333 per hour in 2001 was in the 95th percentile. *Id.* There is no similar survey for paralegals.

Joel Mullin, the lead litigator in this case, is a partner at Stoel Rives. He has been a member of the Oregon State bar for nearly twenty years. He specializes in complex business and securities litigation and was recently listed as one of the country's leading business lawyers. *See* Chambers USA: America's <u>Leading Lawyers for Business</u>, *available at:* www.chambersandpartners.com/us/. He performed a total of 680.1 hours on this case. His rates during the pendency of this case were $340 per hour in 2003, $365 per hour in 2004, and $385 per hour in 2005. In 2003, Mullin worked 284 hours at a rate of $340 per hour for a total of $96,560.[1] In 2004, Mullin worked 261.50 hours at a rate of $365 per hour for a total of $95,447.50.[2] In 2005, Mullin worked 134.6 hours at a rate of $385 per hour for a total of $51,821. In total, Mullins' reasonable fee award is $243,828.50.

---

[1] Contrary to plaintiff's calculation, 284 multiplied by $340 is $96,560, not $97,718.50. Plaintiff may have arrived at the different number by rounding or some other method. However, because this is not indicated, the court is left to work with the numbers provided.

[2] Again, 261.50 multiplied by $365 is $95,447.50, not $96,245, as suggested by plaintiff.

Erin Lagesen is a former associate at Stoel Rives and performed a total of 214.3 hours of work on this case. Lagesen was admitted to the Oregon State Bar in 2000 and holds a Masters of Science from the University of Oregon and a Masters in Education from Harvard Graduate School of Education. Her rates during the pendency of this case were $170 per hour in 2003 and $195 per hour in 2004. She worked 57 hours in 2003 for a total of $9690.[3] She worked 157.30 hours in 2004 for a total of $30,673.50. In total, Lagesen's reasonable fee award is $40,363.50.

Sarah Dumont is an associate at Stoel Rives and was admitted to the Oregon State Bar in 2003. Her practice focuses on complex litigation, both in Oregon state and federal courts. She performed 92.1 hours of work on this case and her rate during this period was $185, for a total of $17,038.50.

Amy Edwards is an associate at Stoel Rives and was admitted to the Oregon State Bar in 2001. Her practices focuses on state and federal litigation, both at the district court and appellate levels. Although Edwards' hours and rates were not explicitly laid out for the court, a review of the relevant time sheets indicates that Edwards worked a total of 20.2 hours on this case and it appears that she billed at a rate of approximately $177.[4] Accordingly, the recoverable fee award is $3,575.40.

C. Jean Beatty is a trial paralegal at Stoel Rives and has nearly thirty years experience in the fields of litigation and alternative dispute resolution. She performed 100.4 hours of work on this case and had an hourly rate of $135 in 2003, $145 in 2004, and $150 in 2005. She worked 17.1 hours in

---

[3] Fifty seven hours multiplied by $170 per hour totals $9690, not plaintiff's sum of $10,156.50.

[4] The court reaches this total by adding the numbers indicated in the "Value" column for Edwards' work and then dividing that number by the 20.2 hours. *See* Decl. of Joel Mullin, Ex. B.

2003 for a total of $2308.50,[5] 21 hours in 2004 for a total of $3045, and 62.3 hours in 2005 for a total of $9,345. In total, Beatty's recoverable fee award is $14,698.50.

### Amount in Controversy and Results Obtained

The amount in controversy exceeded one million dollars. At trial, defendants argued that plaintiff's damages were limited to no more than $600,000. The jury returned a verdict in favor of plaintiff in the amount of $1,736,902.

### Time Limitations, Length of Relationship Between Attorney and Client, and Fee

From start to finish, this case lasted more than two years and involved litigation in both this court and the district court for the Southern District of Texas. Mullin is the account lead for plaintiff, its corporate and litigation counsel, and has represented plaintiff for ten years. The fee in this case was fixed.

### Costs

Plaintiff seeks the following in costs: $7254.14 for attorney fees and costs associated with legal counsel received from Squire Sanders & Dempsey LLP, plaintiff's Texas counsel; and $58,908.54 for various other costs including court reporting services, messenger services, photocopies, and travel expenses. The total in costs is $66,162,68.

Neither defendants nor third-party defendants contest the reasonableness of any of the requested fees or costs. Accordingly, the court finds that the total recoverable award for fees in this case to be $319,504.40 and the recoverable award for costs to be $66,162.68 for a total award of $385,667.08.

---

[5] 17.1 hours multiplied by an hourly rate of $135 is $2308.50, not $2362.50, as calculated by plaintiff.

<u>Third-Party Defendants' Motion for Fees and Costs</u>

As noted above, defendants argue that third-party defendants are not entitled to fees under the Lease Agreement because they were not parties to the contract. Third-party defendants seek attorney fees under the contract pursuant to O.R.S. 20.096, which applies only where a contract exists entitling the prevailing party to attorney fees. Here, unlike plaintiff, third-party defendants were not a party to the Lease Agreement. In the absence of a statutory right to attorney fees, non-parties to a contract may not recover attorney fees based upon a contractual provision. *Autolend IAP, Inc. v. Auto Depot, Inc.*, 11 P.3d 693, 695 (Or. App. 2000) (holding that because the party asserting entitlement to fees and costs under the contract was not a party to the contract, it was not entitled to fees and costs).

The parties to the contract in this case were Milestone as the landlord (and later plaintiff) and New Tech (defendant) as the tenant. Coleman signed the Lease Agreement on behalf of Milestone and Crouser signed it on behalf of New Tech. There is no indication in the Lease Agreeement, and indeed no argument to the contrary, that either Coleman or Crouser were to obtain any direct benefit from, or to be held individually liable under the contract. Although O.R.S. 20.096(1) speaks in terms of a prevailing party, "whether that party is the party specified in the contract or not," the term "prevailing party" is meant to encompass only parties to the contract and does not refer to any party that prevailed in the action. *Fernley v. Lloyd*, 988 P.2d 930, 930 (Or. App. 1999). Coleman and Crouser certainly prevailed on defendants' claims against them; this success, however, does not entitle them to attorney fees under the contract. Similarly, Milestone is not entitled to attorney fees under the contract because it assigned that right, along with all of its interest in the lease, to plaintiff.

Third-party defendants argue in the alternative that they are entitled to attorney fees and costs under Delaware corporate law. Delaware code provides that "To the extent that a present or former director or officer of a corporation has been successful on the merits . . . in defense of any action . . . such person shall be indemnified against expenses . . . actually and reasonably incurred by such person . . . ." 8 Del. Code. § 145(c). In third-party defendants' memorandum, affidavits, and exhibits submitted to this court, there is no indication that either Coleman or Crouser individually incurred any legal fees or expenses. Rather, the information presented to this court suggests that it was Milestone that paid third-party defendants' fees, costs, and expenses. As already noted, Milestone is not entitled to recoup any of these fees or costs because it assigned away the right to enforce the contractual fee provision and has not otherwise shown any statutory entitlement to fees or costs.

## **CONCLUSION**

For the reasons provided above, plaintiff's Petition for Fees and Costs (Doc. #195) is GRANTED in the amount of $385,667.08. Third-party defendants' Motion for Attorney Fees, Expenses and Costs (Doc. #200) is DENIED.

IT IS SO ORDERED.

DATED this __30___ day of August, 2005.

___/s/Garr M. King for _____
Ancer L. Haggerty
United States District Judge